No. 19,922.

THE BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 42, of Brown County, *Plaintiff*, v. W. E. DAVIS, as State Auditor, etc., *Defendant.*

### SYLLABUS BY THE COURT.

1. SCHOOL BONDS—*Chapter 257 of the Laws of 1911—Not Repealed by Chapter 270 of the Laws of 1913.* Chapter 270 of the Laws of 1913, providing a limitation upon the amount of bonds which boards of education of cities of the second class may issue for the erection of school buildings, does not repeal chapter 257 of the Laws of 1911, empowering the school-fund commissioners to authorize bond issues in a sum not more than 50 per cent in excess of the amount otherwise permitted by law.

2. SAME—*Bonds for Erecting School Buildings—Maximum Limitation of Bonded Indebtedness.* With the permission of the school-fund commissioners a board of education of a city of the second class may issue bonds for the purpose of erecting school buildings up to a maximum limitation of total bonded indebtedness of 3⅜ per cent of the valuation of the property subject to the jurisdiction of the board.

Original proceeding in mandamus. Opinion filed March 6, 1915. Writ allowed.

*A. B. Crockett,* of Horton, for the plaintiff.

*S. M. Brewster,* attorney-general, and *James P. Coleman,* assistant attorney-general, for the defendant.

The opinion of the court was delivered by

BURCH, J.: The action is one of mandamus to require the state auditor to register bonds issued by the board of education of the city of Horton, a city of the second class, pursuant to permission of the school-fund commissioners granted under chapter 257 of the Laws of 1911. Registration is resisted on the ground that the act of 1911 is repealed by implication by chapter 270 of the Laws of 1913, and that the bond issue exceeds the limit prescribed by the latter act.

Section 7614 of the General Statutes of 1909, being section 7 of chapter 62 of the Laws of 1909, provided that whenever necessary to provide funds for the erection of suitable buildings, boards of education of cities of the second class might issue bonds according to a prescribed procedure. The statute contained a proviso that the total indebtedness of the board proposing to issue bonds should not be increased to an amount exceeding one and one-half per cent of the valuation of the property in the territory subject to the jurisdiction of the board. In 1911 the legislature passed an act, sections 1 and 2 of which read as follows:

"SECTION 1. The limitations placed by the statutes' upon the voting of bonds in cities and school districts for the purpose of erecting school buildings may be modified as in this act provided.

"SEC. 2. The Board of School-fund Commissioners of the state of Kansas is hereby authorized and empowered to make an order authorizing any city or school district to vote bonds for the purpose of erecting school buildings to an amount of not more than fifty per cent in excess of, and in addition to, the amount of bonds that may be voted under laws now in force." (Laws 1911, ch. 257, §§ 1, 2.)

A method of procedure to obtain the order was prescribed, and it was provided that after an order should be obtained a bond election should be held as in other cases. Subsequently, but at the same session of the legislature, section 7614 of the General Statutes of 1909 was amended by chapter 260 of the Laws of 1911, whereby the limitation of one and one-half per cent of the value of the property affected was raised to two per cent. By chapter 270 of the Laws of 1913 this limitation was raised to two and one-fourth per cent by an amendment of section 1 of chapter 260 of the Laws of 1911, which, as already noted, had amended section 7614 of the General Statutes of 1909.

The act of 1913 is not a new enactment. The act of 1909 was itself merely amendatory of chapter 398 of

the Laws of 1905, entitled "An act to authorize boards of education of cities of the second class to issue bonds." In this act the limitation was placed at four per cent of the assessed valuation of the property affected. The act of 1913 is a mere continuation of the acts of 1905 and 1909 and of chapter 260 of the Laws of 1911, without substantial change, except as to percentage. (Gen. Stat. 1909, § 9037.) These statutes placed a limitation upon bond issues for the erection of school buildings under which all boards of education of cities of the second class might operate at will. Chapter 257 of the Laws of 1911 is in the nature of a special act, to be used in emergencies to meet the necessities of boards of education in exceptional cases. It is a sound principle of construction universally recognized that such statutes are not repealed by subsequent general legislation without a clear manifestation of such an intent. There is no repugnancy whatever between the act last referred to and the act of 1913. They are entirely consistent with each other, may stand without any conflict, and consequently the implication of a repeal is forbidden by elementary principles of construction. Besides this, the legislature fairly indicated the extent to which previous legislation was affected by the act of 1913. It in terms repeals section 1 of chapter 260 of the Laws of 1911, but nothing else.

It is said that the act of 1913 constitutes a revision of the law relating to limits upon bonded indebtedness and consequently repealed chapter 257 of the Laws of 1911. The limitation upon bonded indebtedness contained in the act of 1905, in the act of 1909, in chapter 260 of the Laws of 1911, and in the act of 1913, is in each instance a mere proviso attached to an elaborate grant of power to boards of education of cities of the second class to issue bonds. It is not an independent subject of legislation. Therefore the act of 1913 was simply amendatory of a particular feature of an act the real subject of which was bond issues by boards of educa-

tion, and was not revisory of a distinct subject of legislation embraced in several statutes. If the contention under consideration were sound, chapter 257 of the Laws of 1911 was repealed by the later act of the same session (chapter 260), which took effect before the legislature which passed them adjourned. It is manifest that these two acts were intended to stand together.

It is said that the expression used in chapter 257 of the Laws of 1911, "bonds that may be voted under laws now in force," requires that the fifty per cent excess there provided for be computed upon the 1½ per cent limitation expressed in section 7614 of the General Statutes of 1909, because that was the law then in force. It is plain, however, that what the legislature had in mind was to permit bond issues in emergencies in excess of the amount permitted by the general law governing the subject, and not the particular provisions of a general law in force at a particular date.

The result is that with the permission of the school-fund commissioners the board of education of a city of the second class may issue bonds for the purpose of erecting school buildings up to a maximum limitation of 3⅜ per cent. The bonds presented for registration are well within that limit.

Therefore, the writ is allowed.